IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| QUANTRELL WILSON, #293585, | ) Civil Action No. 3:11-1035-RMG-JRM |
| Plaintiff, | ) |
| -vs- | ) **REPORT AND RECOMMENDATION** |
| SCDC OZMINT; MAJOR KENNETH SHARPE; CHAPLAIN GEORGE P. WINDLEY; A/W LINDA BRADSHAW; WARDEN GREGORY T. KNOWLIN, | ) |
| Defendants. | ) |

This action was filed by the Plaintiff, *pro se*, on May 12, 2011. Defendants filed a motion for summary judgment on December 27, 2011. As the Plaintiff is proceeding *pro se*, an order pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975) was entered by the Court on December 28, 2011, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case.

Notwithstanding the specific warning and instructions as set forth in the Court's <u>Roseboro</u> order, the Plaintiff failed to respond to the motion. As such, it appeared to the Court that he did not oppose the motion. In an ordered issued February 6, 2012, Plaintiff was advised to notify the Court as to whether he wished to continue with this case, and to file a response to the Defendants' motion

for summary judgment within fifteen (15) days from the date of that order, or this case would be recommended for dismissal. *See* Order filed February 6, 2012 (Court Document No. 40). Plaintiff has still failed to respond. Therefore, Plaintiff meets all of the criteria for dismissal under <u>Chandler Leasing Corp. v. Lopez</u>, 669 F.2d 919 (4th Cir. 1982).[1] Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution. *See* <u>Davis</u>, 558 F.2d at 70; Rule 41(b), Fed.R.Civ.P.; <u>Ballard v. Carlson</u>, 882 F.2d 93, 95 (4th Cir. 1989), <u>cert. denied sub nom</u>, <u>Ballard v. Volunteers of America</u>, 493 U.S. 1084 (1990) (Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning).

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

March 2, 2012

**The parties are referred to the Notice Page attached hereto.**

---

[1] He is personally responsible for proceeding in a dilatory fashion, the Defendant is suffering prejudice by continuing to have these claims clouding their careers and continuing to incur legal expenses, and no sanctions appear to exist other than dismissal given the previous warnings and extensions provided. <u>Lopez</u>, 669 F.2d at 920.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).